| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Devin Sawdayi (SBN: 188847)<br>Devin Sawdayi, A Law Corporaiton<br>10866 Wilshire Blvd., Suite 890,<br>Los Angeles, CA 90024<br>Tel: 310.475.9399<br>Fax: 310.385.9593<br>Email: devinslaw@gmail.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Marco Antonio Calderon<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-20098-SK<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) <u>Marco Antonio Calderon</u>,
   filed a motion or application (Motion) entitled <u>Motion for Authorty to Sell Real Property Under LBR 3015-1(p)</u>

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 1          **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  11/08/2022

/s/Devin Sawdayi
Signature of Movant or attorney for Movant

Devin Sawdayi, Esq.
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Devin Sawdayi (SBN: 188847)<br>Devin Sawdayi, A Law Corporaiton<br>10866 Wilshire Blvd., Suite 890,<br>Los Angeles, CA 90024<br>Tel: 310.475.9399<br>Fax: 310.385.9593<br>Email: devinslaw@gmail.com<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Debtor(s) | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Marco Antonio Calderon | CASE NO.: 2:20-bk-20098-SK<br><br>CHAPTER 13 |
|---|---|
| | **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p)** |
| Debtor(s). | [No Hearing Required] |

Debtor moves this court for an order authorizing the Debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1. Debtor's Chapter 13 Plan (Plan) was confirmed on: __04/05/2021__ .

2. Debtor wishes to sell the real property (Property) located at:
   __4620 2nd Avenue, Los Angeles, CA 90043__

   The Property is more particularly described in Exhibit "A" attached hereto.

   ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The sale price of the Property is $ 660,000.00 _____. The following are all of the encumbrances of record against the Property:
    a. SN Servicing Corporation
    b. _____
    c. _____
    d. _____
    e. _____

    *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
    ☒ there will remain the approximate sum of $ 284,070.92 _____; OR
    ☐ no proceeds will remain.

5. ☒ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
    ☒ 100% dividend to unsecured creditors; OR
    ☐ _____% divided as indicated in the confirmed plan.

    After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.

    OR

    ☒ (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan. The sale is for the fair market value of the Property.

6. The escrow is being processed by:
    Escrow company name:   North Hills Escrow Corp.
    Address:   4005 Pennsylvania Ave, La Crescenta, CA 91214

    Telephone:   (818)956-9000
    Facsimile:   (818)956-9001
    Escrow officer:   Yaneth Lopez
    Escrow number:   45128

7. Supporting documents attached to this Motion are:
    a. Exhibit A – Legal description with street address
    b. Exhibit B – Escrow instructions and documents
    c. Exhibit C – Estimated closing statement
    d. Exhibit D – Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date:  11/08/2022

_____
Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date:  11/08/2022

*Marco Caldum*
_____
Debtor

Date:  _____

_____
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "A"

# EXHIBIT "A"

## Legal Description

**For APN/Parcel ID(s): 5015-034-017**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

LOT 135 OF TRACT NO. 1798, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 21, PAGE 40 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES BELOW A DEPTH OF 500 FEET, WITHOUT RIGHTS OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.

# EXHIBIT "B"


## North Hills Escrow Corp.

| SALE | 45128-40 |
|---|---|
| Escrow Instructions | Escrow Number |

Yaneth Lopez and Monet Sarreal
October 26, 2022
Escrow Officer                          Date

We the undersigned, hand you a copy of the California Residential Purchase Agreement and Joint Escrow Instructions dated October 19, 2022 including 1 Counter Offer. I have handed you the sum of $19,800.00 to be deposited into escrow and will further hand you the balance of down payment necessary costs and charges in the form of a WIRE TRANSFER OR OFFICIAL BANK/CASHIER'S CHECK drawn on a California bank prior to close of escrow. Escrow to close on NOVEMBER 21, 2022 when you hold a policy of title insurance issued by CHICAGO TITLE with the usual title company's exceptions, with a liability of $660,000.00 covering the property that is the subject of this transaction. Your duties and responsibilities are limited to this paragraphs specified in paragraph 19 of the above mentioned purchase agreement and the additional instructions to Escrow Holder herein.

| Paid Outside of Escrow | $ | |
|---|---|---|
| Cash Through Escrow | $ | 660,000.00 |
| Encumbrances of Record | $ | |
| Encumbrances of Record | $ | |
| New Encumbrances | $ | |
| TOTAL CONSIDERATION | $ | 660,000.00 |

**These Supplemental Escrow Instructions are not intended to supersede the Purchase Agreement. In the event of a conflict between the terms of the Purchase Agreement and any Escrow Instructions, the Purchase Agreement shall govern the parties and the Escrow Instructions shall govern the Escrow Holder.**

For clarification purposes, the following is restated and shall apply:

(MEMO: Property Address: 4620 2ND AVENUE, LOS ANGELES, CA 90043)

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

Showing title vested in:
LIBERTY COMMUNITY LAND TRUST (complete vesting to be determined)

**ENCUMBRANCES:**
(1)     General and Special Taxes for the fiscal year.

(2)     Covenants, conditions, restrictions, reservations, oil or mineral reservations, rights, rights of way, and easements of record, if any.

**EACH PARTY SIGNING THESE INSTRUCTIONS HAS READ THE ADDITIONAL ESCROW CONDITIONS AND INSTRUCTIONS ON THE ADDITIONAL PAGE HERETO AND APPROVES, ACCEPTS AND AGREES TO BE BOUND BY SAME.**

The foregoing terms, provisions, conditions and instructions and those on the additional page hereto are hereby approved and accepted in their entirety and concurred in by me. I will hand you necessary funds in the form of wire transfer or cashier's check drawn on a California bank prior to close of escrow, together with necessary loan documents called for on my part to cause escrow to close shown as above, which you are authorized to use when you hold or cause title to be shown as above and apply funds set forth above within the time as above provided. Pay your escrow charges, my recording fees, charges for evidence of title as called for, whether or not this escrow is consummated, except those the seller agreed to pay.

*Buyer's Signature(s)*

LIBERTY COMMUNITY LAND TRUST

By: _____
        DAMIEN GOODMON

The foregoing terms, provisions, conditions and instructions and those on the additional page hereto are hereby approved and accepted in their entirety and concurred in by me. I will hand you necessary documents called for on my part to cause title to be shown as above, which you are authorized to deliver when you hold or have caused to be applied funds set forth above within the time as above provided. Pay your escrow charges, my recording fees, charges for evidence of title as called for whether or not this escrow is consummated, except those the buyer agreed to pay. You are hereby authorized to pay bonds, assessments, taxes, and any liens of record, including prepayment penalties, if any, to show title as called for. Affix documentary transfer stamps on deed as required.

*Seller's Signature(s)*

_____
FIDEL N. CALDERON

_____
MARCO CALDERON

ESCROW OFFICER: Yaneth Lopez and Monet Sarreal
ESCROW INSTRUCTIONS: SALE

ESCROW #45128-40
DATE: October 26, 2022
PAGE: 2 OF 7

**Items Pertaining To This Specific Transaction from PARAGRAPH 19 of the PURCHASE AGREEMENT:**

A) This escrow is subject to the buyer approving the Preliminary Title report and any other matters which may affect title on subject property within **Five (5)** days from receipt of same.

B) Escrow holder is authorized and instructed to debit the seller with the cost of a property disclosures report issued by **MYNHD** per application/billing to be deposited into escrow.

C) Escrow holder is authorized and instructed to prorate Real Property Taxes (based on latest available tax bills/information supplied by title company) at close of escrow.

**ADDITIONAL INSTRUCTIONS TO ESCROW HOLDER:**

1. This escrow is subject to the buyers complying with item #12 of the original purchase agreement in regards to BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY. Buyer shall have the right to conduct inspections, investigations, tests, surveys, and other studies ("Inspections") at buyer's expense. Buyer shall within **seven (7)** days **(October 31, 2022)** after acceptance of offer complete these inspections and shall notify Seller in writing of any item (s) disapproved. BUYER'S DISAPPROVAL OF ITEMS OR REMOVAL OF CONTINGENCIES SHALL BE IN WRITING WITHIN THE TIME PERIOD SPECIFIED IN THE PURCHASE AGREEMENT.

2. In accordance with City of Los Angeles Ordinance No. 144942, seller shall furnish buyer prior to the close of escrow with a report of residential property records and pending special assessment liens ("Property Report") which report shall also conform with the requirements of Section 91.1210 requiring smoke detectors in residential buildings and sliding glass door impact hazard glazing in compliance with Section 91.5406 (e). Seller shall deposit with escrow holder a properly executed application for the property report. Escrow holder's responsibility shall be limited to filing the application with the Department of Building and Safety and delivering the property report to the buyer prior to the close of escrow. Seller will hand escrow holder a check for filing fee of $72.76 payable to "Department of Building and Safety." Escrow holder shall not be held responsible nor be concerned with the contents of said report.

3. Escrow holder is authorized and instructed to debit the seller fees associated with the Water Conservation Certificate and forward same along with the certificate to the Los Angeles Department of Water and Power.

4. Buyer and seller are aware the legal description for this transaction was provided by CHICAGO TITLE COMPANY and hereby approve of same. Furthermore, Buyer and seller authorize escrow holder to utilize this legal description, without liability, for the purpose of preparing documents required to complete this transaction.

5. Escrow holder is authorized and instructed that, in the event buyer or seller utilizes "facsimile" transmitted signed documents or instructions to escrow holder, you are to rely on such signatures for all instructions to escrow holder, you are to rely on such signatures for all instruction purposes and the closing of escrow when escrow holder receives a signed facsimile from the signatory as if such facsimile bore original signatures. Buyer and Seller shall provide to the other party and to escrow holder, within 72 hours after transmission, duplicate original signature. The failure of either buyer or seller to submit signed originals of the signed facsimile transmitted documents or instructions shall not invalidate said documents or instructions. Escrow holder shall have no liability and/or responsibility to obtain said original executed document or instructions of the signed faxed material should same not have been received by escrow holder. NOTWITHSTANDING THE FOREGOING, ANY AND ALL ESCROW INSTRUCTIONS PERTAINING TO THE RELEASE OR DISBURSEMENT OF FUNDS FROM ESCROW SHALL NOT BE EFFECTIVE UNTIL ESCROW HOLDER HAS RECEIVED FROM THE PARTY SO INSTRUCTING SUCH RELEASE, SUCH INSTRUCTIONS BEARING THAT PARTY'S ORIGINAL. Buyer and Seller further acknowledge, are aware and agree that documents with non-original signatures will not be accepted for recording by the county recorder who requires ink signed original documents for recordation and who may have paper quality and size requirements, thus making impossible the closing of a customary escrow without submission of original signed documents.

**AS A MATTER OF MEMO ONLY WITH WHICH ESCROW HOLDER NEED NOT BE CONCERNED:**

a) Buyer acknowledges receipt of that certain "Buyer's Inspection Advisory".

b) Buyer and Seller elect not to purchase a Home Protection Plan.

c) This escrow is NOT contingent upon the property appraising at the purchase price.

d) Buyer and Seller acknowledge and agree there is **NO** loan contingency in this transaction.

**END OF INSTRUCTIONS.**

(CONTINUED)

Seller's Initials: ____/_____          Buyer's Initials: _____/_____

ESCROW OFFICER: Yaneth Lopez and Monet Sarreal
ESCROW INSTRUCTIONS: SALE

ESCROW #45128-40
DATE: October 26, 2022
PAGE: 3 OF 7

## SUPPLEMENTAL SALE ESCROW INSTRUCTIONS
## ADDITIONAL ESCROW INSTRUCTIONS AND TERMS (GENERAL PROVISIONS)

1. **Terms and Subject Headings:** In these escrow instructions, the terms "you", "your", and "Escrow Holder" shall mean NORTH HILLS ESCROW INC., wherever the context requires, the masculine gender includes the feminine and/or neuter and the singular number includes the plural.

2. **Opening of Escrow:**

A. Your duty to act as escrow holder shall not commence until these instructions signed by all parties are received by Escrow Holder. Until such time either party may unilaterally cancel by written request delivered to Escrow Holder, whereby a party may withdraw funds or documents deposited with Escrow Holder by that party, **except** as expressly limited by an Offer to Purchase, Deposit Receipt, C.A.R. Form, or any other Purchase Agreement between the parties received by Escrow Holder.

B. These Supplemental Escrow Instructions and General Provisions may be executed in counterparts, each of which shall be deemed an original regardless of the date of this execution and delivery. All such counterparts together shall constitute one and same document. Any and all further escrow instructions, amendments or supplements to Escrow Holder shall also be governed by the terms and conditions of these Supplemental Escrow Instructions and General Provisions, except as may be amended or modified by the mutual agreement of the parties and Escrow Holder.

3. **Responsibility of Escrow Holder:**

A. All parties agree that your rights and liability in this transaction is as an escrow holder, and no other legal relationship is created. You are an escrow holder only on the express terms of these instructions. You have no duty or responsibility to notifying me or any other party related to this escrow of any sale, resale, loan, exchange or other transaction involving any property herein described or of any profit realized by any person, firm, corporation or parties (broker, holder) to this or any other escrow, regardless of the fact that such transaction(s) may be handled by you in this escrow or in another escrow. You shall not be required to take any action in connection with the collection, maturity or apparent outlaw of any obligations deposited in this escrow, unless otherwise instructed.

B. Escrow Holder's duties hereunder shall be limited to the safekeeping of such money and documents received by you as escrow holder and for the disposition of same in accordance with the written instructions accepted by Escrow Holder in this escrow. Escrow Holder shall not be liable for any damages, losses, costs or expenses incurred by any party in the handling and processing of escrow as a result of any act or failure to act made or omitted in good faith or for any action taken that Escrow Holder shall in good faith believe to be genuine.

C. NOTWITHSTANDING ANY PROVISIONS TO THE CONTRARY IN THE PURCHASE AGREEMENT, ESCROW INSTRUCTIONS, AMENDMENTS, OR LENDER INSTRUCTIONS; **ESCROW HOLDER DOES NOT** VERIFY SIGNATURES OR INVESTIGATE WHETHER THERE IS FALSE IMPERSONATION, FORGERY, OR FRAUD ON DOCUMENTS DEPOSITED INTO THIS ESCROW BY THE PARTIES OR THEIR HOLDERS.

D. ESCROW HOLDER IS NOT LIABLE OR RESPONSIBLE IN ANY MANNER FOR THE SUFFICIENCY OR CORRECTNESS AS TO FORM, CONTENT, MANNER OF EXECUTION, OR VALIDITY OF ANY DOCUMENTS; OR AS TO THE IDENTITY, AUTHORITY, CAPACITY OR RIGHTS OF ANY PERSON EXECUTING THE SAME WHICH ARE DEPOSITED INTO ESCROW. ESCROW HOLDER IS NOT LIABLE OR RESPONSIBLE FOR ANY LOSS THAT MAY OCCUR BY REASON OF FORGERIES, FRAUD OR FALSE REPRESENTATIONS MADE BY OR INVOLVING THIRD PARTIES, A PRINCIPAL'S HOLDERS, OR PRINCIPAL. TO THIS ESCROW. IF A PARTY OR LENDER DESIRES THAT ESCROW HOLDER VERIFY ANY SIGNATURE(S) ON INSTRUCTIONS, CHECKS, LOAN DOCUMENTS, OR OTHER ITEMS A SEPARATE WRITTEN ESCROW INSTRUCTION MUST BE ENTERED INTO THAT SPECIFICALLY EVIDENCES ESCROW HOLDERS EXPRESS AGREEMENT TO UNDERTAKE SUCH RESPONSIBILITY, UPON THE PAYMENT OF AN ADDITIONAL FEE

E. Escrow Holder is authorized and directed to deposit any and all funds received in this escrow in an "Escrow Trust Account" with any state or national bank in the name of Escrow Holder with other escrow funds pending the completion of this escrow. UNLESS OTHERWISE AGREED IN WRITING, EACH PARTY UNDERSTANDS THAT THE ESCROW TRUST ACCOUNT IS A NON-INTEREST BEARING. NO FINANCIAL OR OTHER BENEFITS WILL BE EARNED BY OR PROVIDED TO ANY OF THE PARTIES WITH RESPECT TO SUCH FUNDS; NOTWITHSTANDING, ESCROW HOLDER AND ITS AFFILIATES MAY RECEIVE DIRECT OR INDIRECT FINANCIAL AND OTHER BENEFITS FROM THE DEPOSITORY WITH RESPECT TO SUCH FUNDS. THESE BENEFITS SHALL BE TREATED AS ADDITIONAL COMPENSATION TO ESCROW HOLDER FOR ITS SERVICES IN THIS TRANSACTION.

F. All parties depositing funds in connection with this escrow are hereby notified that the funds so deposited are insured by bank only to the limits provided by the Federal Deposit Insurance Corporation.

4. **Responsibility of Title Company/ Sub-Escrow Holder:** If it is necessary, proper or convenient for the consummation of this escrow, Escrow Holder is authorized to deposit or have deposited funds or documents, or both, handed it under these escrow instructions with any duly authorized sub-escrow holder, including, but not limited to, any bank, trust company, title company, savings and loan association, or licensed escrow holder, subject to your order at or before close of escrow in connection with closing this escrow. Any such deposit shall be deemed a deposit under the meaning of these escrow instructions. The Parties and Lender are aware the Title Company utilized for obtaining a Title Insurance Policy will also be utilized in this transaction as a Sub-Escrow Holder. As Sub-Escrow Holder, the Title Company shall receive loan funds and then be charged with the exclusive duty of making the payments of any taxes, beneficiary or payoff demands; and for obtain a full or partial reconveyance of any liens or encumbrances paid through the escrow to place the title of the property the subject of this escrow in the manner provided for in any lender instructions or escrow instructions. The Parties, Lender and Title Company acknowledge and accept that the sole and exclusive remedy for any injury or damages arising out of the Title Company's performance as a Sub-Escrow Holder shall be only against the Title Company, and not the Escrow Holder.

5. **Time Is Of The Essence In These Instructions:** If the date by which a Buyer's or Seller's performance is due is other than your regular business day, such performance shall be due on your next succeeding business day. In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, or any extension thereof, you are nevertheless instructed to complete the same at the earliest possible date thereafter, unless a party makes written demand upon you for cancellation and the return of the money and/or instruments deposited. If written demand to cancel is received, at your sole discretion, you may stop and withhold all further proceedings in this escrow without liability for interest on funds held or for damages, until a satisfactory mutual cancellation instructions signed by all parties are deposited into this escrow or the demand is withdrawn by the party or by further mutual instructions in form satisfactory to Escrow Holder.

6. **Prorating Authorization:** Escrow Holder will make all prorations and adjustments on the basis of a thirty (30) day month, unless otherwise instructed in writing. The "Close of Escrow" with reference to said prorations and adjustments used in this escrow means the date on which documents are recorded, unless otherwise specified in writing.

7. **Property Tax Proration:** Escrow Holder will prorate real property taxes based upon tax figures provided by the Title Company in this transaction, without liability to Escrow Holder as to their correctness. Buyer is aware that the property will be reassessed upon change of ownership. The County Tax Assessor may issue supplemental tax bills for more than the amount used for prorating purposes, or in the event there has been an overpayment, the overpayment amount may not be refunded, but may instead be held for a subsequent credit against the payment of future taxes on the property. Buyer and Seller hereby agree that any overpayment or underpayment of taxes shall be adjusted by and between the Buyer and Seller outside of escrow. TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED BETWEEN BUYER AND SELLER OUTSIDE OF ESCROW. Escrow Holder is hereby released from responsibility or liability of any kind arising out of any such overpayment or underpayment of taxes, which shall survive the close of escrow.

8. **Preliminary Change of Ownership Report:** Section 480.3 of the Revenue and Taxation Code requires that a "Preliminary Change of Ownership Report" be completed and certified by Buyer and filed concurrently with the Deed or other documents that reflect a change of ownership in real property. The Buyer herein agrees to complete and sign said report and deliver same to Escrow Holder for filing. Escrow Holder shall forward same to the Title Company for submission to the Recorder's Office at the Close of Escrow. Buyer understands and acknowledges that the County Recorder's Office will charge an additional non-refundable fee of Twenty Dollars ($20.00) should the fully completed/certified report not accompany the conveyance document or be rejected. In addition to this fee, there may be additional expenses incurred by Buyer outside of escrow or after the Close of Escrow as a result of Buyer's failure to file a fully completed/certified report. Buyer authorizes Escrow Holder to debit the Buyer's account for said Twenty Dollars ($20.00) prior to the Close of Escrow in the event the change of ownership statement is not deposited with Escrow Holder as provided for herein. Buyer is responsible for completing and returning any Change of Ownership Report required by the Office of the County Assessor after the Close of Escrow and

(CONTINUED)

Seller's Initials: ___/___

Buyer's Initials: _____/_____

ESCROW OFFICER: Yaneth Lopez and Monet Sarreal
ESCROW INSTRUCTIONS: SALE

ESCROW #45128-40
DATE: October 26, 2022
PAGE: 4 OF 7

shall be exclusively responsible for any penalty or reassessment tax imposed by the Office of the County Assessor for Buyer's failure to return any Change of Ownership Report to the Office of the County Assessor.

9. **Foreign Investment In Real Property Act – FIRPTA – Withholding:** The sale of a U.S. real property interest by a foreign person is subject to the Foreign Investment in Real Property Tax Act of 1980 (FIRPTA) income tax withholding. Persons purchasing U.S. real property interests from foreign persons, certain purchasers' holders, and settlement officers are required to withhold 10 % of the amount realized. Withholding is intended to ensure U.S. taxation of gains realized on disposition of such interests. The Buyer shall remain the withholding holder notwithstanding any act by the Seller or Holder. The Buyer must find out if Seller is a foreign person. If Seller is a foreign person and Buyer fails to withhold, the Buyer may be held liable for the tax.

Seller and Buyer agree to execute and deliver to Escrow Holder any instrument, affidavit and statement or to perform any act reasonably necessary to carry out the provisions of FIRPTA and regulations promulgated there under. Seller herein certifies under penalty of perjury, that the information provided on said form is true, correct and complete. Buyer and Seller hereby agree to hold Escrow Holder harmless and indemnify Escrow Holder regarding compliance with this instruction.

10. **State Tax Withholding: CAL-FIRPTA Notification To Buyer And Seller Regarding Tax Withholding Requirements Of California On The Sale Of Real Property:** Certain Sellers may be exempt from withholding. Each Party must seek independent tax advice from a professional. California Revenue and Taxation Code Section 18662 (as amended) requires prepayment of income tax by withholding of 3-1/3% on the total sales price on real property for individuals and non-individual sellers of real property, whether resident or non-resident. Alternatively, a Seller may elect to withhold on the gain on the sale and based on the applicable withholding rates effective at the close of escrow. For more information, Buyers and Sellers should refer to Form 593, Real Estate Withholding Certificate and Computation of Estimated Gain or Loss from the California Franchise Tax Board.

Withholding is also required for real estate foreclosures and short sale transactions unless any exemptions certified on Form 593 apply or the sale qualifies under the automatic exclusions. For more information on real estate foreclosures and short sale transactions, refer to Publication 1016, Real Estate Withholding Guidelines by the California Franchise Tax Board. Any further questions regarding Withholding Requirements for Sale of California Real Estate may be answered at http://www.ftb.ca.gov/individuals/wsc/California_Real_Estate.shtml or by seeking independent professional tax advice.

The parties acknowledge that Escrow Holder is under no duty to take action regarding withholding without further mutual written instructions of buyer and seller in form satisfactory to escrow, together with the completion of Franchise Tax Board forms. Section 18662 of California Revenue and Taxation Code has (as amended) requires a BUYER of real property to withhold if the Seller's exemption is not met. If withholding is not made Buyer may become subject to a penalty in the amount equal to the greater of 10% of the amount required to be withheld or five hundred dollars ($500.00). For additional information, contact: FRANCHISE TAX BOARD, WITHHOLD AT SOURCE UNIT, P.O. BOX 651, SACRAMENTO, CA 95812-0651, PHONE: (916) 845-4900 OR Toll Free AT (888) 792-4900. Seller and Buyer hereby agree to comply with Section 18662 of California Revenue and Taxation Code as (as amended), and Seller shall cause to be deposited into escrow such forms that maybe necessary for the parties hereto to be in compliance with said tax code, as expanded. The parties agree to hold Escrow Holder harmless and indemnify Escrow Holder for complying with any CAL-FIRPTA instruction or any third-party claims that may arise.

11. **Tax Reporting/1099:** As a condition to Escrow Holder's agreement to process this transaction, certain information must be provided by the Sellers/Transferors to the Escrow Holder before the date of closing. Under the Tax Reform Act, Internal Revenue Service Code Section 6045(e), Escrow Holder will report the gross proceeds of an ownership interest in reportable real estate to the Internal Revenue Service ("IRS"). The Seller/Transferor is required by law to furnish a correct Taxpayer Identification Number ("TIN") or Social Security Number to Escrow Holder. The Seller/Transferor is aware that the failure to do so may subject the Seller/Transferor to civil or criminal penalties. Each Seller/Transferor must provide a permanent address to which the Escrow Holder can mail the IRS Form 1099-S following the close of escrow.

In the event there is more than one Seller/Transferor, any allocation of the gross proceeds from the within transaction must be received by Escrow Holder prior to the date of closing. If Escrow Holder fails to receive a complete allocation or receives no allocation as to any Seller/Transferor, Escrow Holder must report the entire unallocated gross proceeds to that Seller/Transferor. If conflicting allocations are received, Escrow Holder must Report the entire gross proceeds on each Seller/Transferor's 1099-S Form to the IRS. Sellers/Transferors' who are married or domestic partners on the closing date and who hold title to the subject property as tenants in common, joint tenancy or community property are treated for reporting purposes as a single Seller/Transferor.

12. **Allocation of Costs:** Escrow Holder is instructed to debit Buyer and Seller in accordance with Purchase Agreement and pay relevant bills as presented at the close of escrow. Escrow Holder shall not be responsible for paying bills received after close of escrow, and Buyer and Seller hereby release Escrow Holder from any liability or responsibility in connection therewith. All parties agree to pay escrow fees and charges, including messenger fees, overnight delivery charges, recording fees, charges for evidence of title, plus handling and notary fees, if applicable whether at cancellation or close of escrow. Escrow Holder is authorized to release funds, if applicable, from money on deposit to pay for any credit report, appraisal, title Report, lender, or association statement, demand, transfer fees or documents which may be required to be paid in advance of closing. Funds released prior to the close of escrow are non-refundable regardless of the consummation of this escrow. If not provided for in the Purchase Agreement, the Owner's Title Insurance premium will be charged to Seller and the ALTA Lender's Policy, if applicable, will be charged to Buyer at close of escrow, and all other closing costs are to be charged pursuant to the Purchase Agreement. Unless otherwise instructed, Escrow Holder will debit the Seller for any transfer tax that may be imposed by any City or County in which the subject property of this escrow is located and is authorized to pay any bonds, assessments, taxes, or any lien of records, including any prepayment penalties, if any, to transfer title to Buyer as called for in this escrow.

13. **Authorization to Send Documentation:** Unless otherwise instructed the Buyer(s) and Seller(s) hereby authorizes Escrow Holder to release estimated closing statements, executed escrow instructions, amendments, and final closing statement or consolidated HUD-1 to any New Lender or "short-pay" lender necessary to close the escrow. This authorization shall pertain to the documentation set forth above only. Escrow Holder may furnish a copy of these instructions, amendments, and notice of cancellation, title reports, estimated and closing statements to any real estate broker, lender or title company, referenced in this escrow, prior to close of escrow

14. **Personal Property:** Any Personal Property the subject of this escrow (except Mobile homes) is exclusively between the parties and of no concern to Escrow Holder. Escrow Holder shall conduct no lien or title search of personal property regarding the sale or transfer of any personal property through this escrow. Should the parties desire that you conduct a lien or title search of personal property, the parties or lender requesting the same shall enter into a separate and specific written agreement which evidences Escrow Holder's agreement to undertake such responsibility upon the payment of additional fees.

15. **Beneficiary Statement/Pay off Demands:** Escrow Holder is not responsible for the contents or accuracy of any beneficiary demands, beneficiary statements, or pay off demands delivered to it by the existing lien holders or homeowner associations. Escrow Holder will forward any demands or statements received to the Sub-Escrow Holder for Sub-Escrow Holder's use in making the payments of any taxes, beneficiary or pay off demands; and for obtain a full or partial reconveyance of any liens or encumbrances paid through the sub-escrow to place the title of the property in the manner provided for in any lender instructions or escrow instructions. Escrow Holder is not liable or responsible for any prepayment or penalty charged in any beneficiary statement and/or demand, and is authorized to pay through this escrow any sums necessary to convey title to the property as called for in the escrow instructions. Escrow Holder is not required to submit any such beneficiary statements and/or payoff demands to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the parties desire to pre-approve any such beneficiary statement and/or payoff demand, the parties requesting the same shall deliver separate and specific written escrow instructions to Escrow Holder. Seller is aware that interest on existing loans are paid in arrears, and that their account will be charged interest on the pay offs of existing loans until the lender received the payoff funds from the title company after the close of escrow.

16. **Title Insurance:**

A. You are instructed to open a title order for title insurance to the subject real property in the condition identified in the escrow instructions by the parties. However, you are not required to submit any title report issued or documents described in any title report in connection with this escrow to any party or holder unless directed to do so in written instructions. You may, however, do so without incurring liability to any party for such submission. You are hereby authorized to submit such report to any proposed lender, and are authorized to deliver assurances of title, and insurance policies, if any, to hold or for senior encumbrances or order, or if there are no encumbrances, then to Buyer or his order.

B. The parties authorize the recordation of any instrument delivered through this escrow if necessary or proper for the issuance of the required policy of title insurance or for the closing of this escrow. Funds, instructions or instruments received in this escrow may be delivered to, or deposited with any title

(CONTINUED)

Seller's Initials: _____/_____          Buyer's Initials: _____/_____

ESCROW OFFICER: Yaneth Lopez and Monet Sarreal
ESCROW INSTRUCTIONS: SALE

ESCROW #45128-40
DATE: October 26, 2022
PAGE: 5 OF 7

insurance company or title company to comply with the terms and conditions of this escrow. Recording fees shall be charged to the account of the benefited party.

C. Buyer and Seller authorize and instruct Escrow Holder to utilize the legal description deposited into escrow or provided by the Title Insurance Company in this transaction for the preparation of any deed or other documentation necessary to close this transaction. Escrow Holder has no duty to investigate and does not warranty the accuracy of said legal description and is released of any and all liability, responsibility and is held harmless in connection thereto.

17. **Final Funds:** Pursuant to the "Good Funds" legislation, Assembly Bill 512 (AB 512) effective January 1, 1990, the parties hereto are made aware that closing funds to be deposited by Buyer, Seller and/or Lender as a condition of escrow must be CLEARED prior to recordation (close of escrow). Escrow Holder will require deposit of final funds FIVE (5) business days prior to the close of escrow, if funds are deposited in the form of a Cashier's Check; or TWO (2) business days prior to the close of escrow, if funds are deposited by Wire Transfer. All final funds due to close escrow in EXCESS OF $10,000.00 MUST BE WIRE TRANSFERRED. Final funds must be issued or wired by a U. S. Bank or Savings and Loan Association located in the State of California. Buyer's deposit of final funds with Escrow Holder shall be deemed satisfaction and removal of all contingencies, terms and conditions and approval of the loan documents, terms and conditions.

18. **New Loans:**

A. After receipt of Buyer's final funds, Escrow Holder may request Buyer's new lender (if any) to fund the new loan proceeds one business day prior to close of escrow. Buyer is aware that interest on any new loan funded in connection with this escrow will accrue from the date of Lender's funding and that there may be a delay between the funding date and recording date due to the above "Good Funds" legislation. Escrow Holder shall have no liability for the payment of interest on any loan or for the early funding by the Lender or any delay caused by the Lenders failure to timely fund or based on the date of distribution of funds.

B. Escrow Holder is not to be responsible or concerned in any way with the terms of any new loan or the content of any loan documents in connection with this escrow. Escrow Holder's duties are limited to receiving loan documents into the escrow file, transmitting the loan documents for execution and transmitting the executed loan documents to lender for review and approval. The parties understand and agree that Escrow Holder does not interpret or explain loan documents, nor is Escrow Holder involved or concerned with the underwriting, disclosures, approval and processing of any loan or the contents and effects of loan documents prepared by a lender.

C. The parties understand that Escrow Holder is only a settlement holder, not a "creditor" regarding new loans, therefore Escrow Holder has no duty of disclosure under TILA, RESPA, or HOEPA (15 U.S.C. 1635(a), 15 U.S.C. 1638(a), 15 U.S.C. 1639(a)(1)) regarding any loans. Any questions regarding the loan terms, documents or disclosures are to be directed to the loan broker or lender of the party. Escrow Holder is completing the HUD-1 in this transaction in reliance on the information provided to Escrow Holder by the loan brokers or lender and are not verified by Escrow Holder. Escrow Holder shall not be liable or responsible for any inaccuracies regarding the Good Faith Estimate "GFE" comparison of costs or the actual loan terms. Buyer(s)/Borrower(s)/Broker(s) and Lender(s) accept full responsibility for verification and accuracy of the figures of the new loan with the GFE comparison of costs.

D. Escrow Holder is irrevocably instructed to comply with only with the portion of any lenders instructions pertaining to usual escrow functions under California law. Escrow Holder is not required or responsible in any way for making disclosures, warranting any facts, or insuring for the lender any secondary sales transaction, purchase, guarantee by FHA, VA, PMI or loan is purchased by investors. Escrow Holder shall not be required to perform title functions or performing lender's nondelegable duties regarding notice, statutory or underwriting responsibilities under California or Federal law. Escrow Holder is authorized and instructed to forward lenders instructions regarding title, sub-escrow, recording functions, and payment of encumbrances to the Title Company in this transaction for performance by Title Company in its capacity as insurer, recorder, abstractor of title and/or sub-escrow. NOTWITHSTANDING ANY OTHER DOCUMENTS OR INSTRUCTIONS SUBMITTED TO ESCROW HOLDER, WHETHER OR NOT SIGNED BY ESCROW HOLDER, THE ESCROW HOLDER HAS NO DUTY OR OBLIGATION TO INDEMNIFY OR REIMBURSE ANY BUYER(S)/ BORROWER(S)/ BROKER(S) OR LENDER(S) ANY SUM OR TO PURCHASE ANY LOAN, NOTE, DEED OR DEBT RELATING TO THIS ESCROW TRANSACTION.

E. Escrow Holder shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

F. **RESPA RULE, GFE/HUD-1 REQUIREMENTS:** Buyer and Seller hereby authorize and instruct Escrow Holder to debit Buyer for the Owner's Title Insurance premium and other charges if required by Buyer's lender in order to comply with the Real Estate Settlement Procedures Act. Escrow Holder is further instructed to debit Seller and credit Buyer as reimbursement for any such costs and charges which were to be paid by Seller as per the Agreement.

19. **Property Insurance:**

A. It is Buyer(s) obligation to ensure that any new or assigned property hazard insurance policy regarding the real or personal property in this escrow fully complies with the Buyer and lenders requirements regarding amount of coverage, terms, payee(s), insured, etc., and that the evidence of hazard insurance is timely deposited with Escrow Holder. Escrow Holder is hereby instructed to pay from Buyer's account the first year's premium at the close of escrow to Buyer's chosen insurance holder and may forward a copy of any evidence of an insurance policy to lender, if requested. Escrow Holder shall have no duty or responsibility regarding hazard insurance, except to forward the first year's premium, or evidence of payment, and the evidence of Buyer obtaining insurance to the lender. It is Buyer's or lender's exclusive duty to verify the policy of insurance provides adequate coverage for Buyer's and lender's needs and are obligated to ensure the policy of insurance is issued and remains in effect after the close of escrow.

B. HOA Insurance: Escrow Holder is authorized and instructed to debit funds deposited by Buyer for payment of any fee assessed by the Master Insurance Holder of the HOA for issuance of their Certificate. Buyer has satisfied himself of the existence of the master insurance coverage of the HOA is limited and Buyer is advised to fully investigate the extent and scope of its coverage and obtain any additional or supplemental coverage outside of escrow. Escrow Holder is not to be concerned nor held liable or responsible in connection therewith.

C. ALL CASH: It is Buyer's exclusive duty to obtain adequate hazard insurance coverage on the property the subject of this escrow. Buyer has the option of paying any hazard insurance premium through escrow. In the event Buyer exercises said option, Buyer shall in writing designate the insurance holder to be used and thereafter deposit sufficient funds into escrow for the first year premium prior to close of escrow. Buyer is exclusively responsible to confirm issuance of any policy, with the desired coverage, at the close of escrow.

20. **No Disclosures or Warranties:**

A. The parties acknowledge that depending on the type (Commercial or Residential) and location (City) of real property involved in this escrow, there may be disclosure(s) as well as civil ordinance requirement(s) that would affect the transfer of the real property. Escrow Holder urges both parties to seek appropriate counsel from an attorney or licensed real estate broker to ascertain what disclosures, certificates and/or civil ordinances, if any, need to be complied with prior to the close of escrow, and outside of the escrow between the parties. The parties' signature upon these instruction shall be deemed evidence to the Escrow Holder that the parties have obtained independent counsel, are aware of any disclosures/civil ordinance requirements and will comply with same outside of this escrow. Unless otherwise instructed in writing to the contrary within the body of the escrow instructions, Escrow Holder has no responsibility or liability in connection with any such disclosures or requirements.

B. Escrow Holder is not responsible or liable for the validity, regularity or sufficiency of municipal residential property reports, or retro-fit standards to be complied with upon the transfer of real property. You are instructed to forward request for Residential Property Report or Certificate of Compliance as handed to you to the appropriate governmental agency. You are to charge Seller with any fee to file such document, unless otherwise instructed. You are not to be responsible or liable for the content or timeliness of the response of any governmental agency.

C. Escrow Holder is not responsible or concerned with the giving of any disclosures except as expressly required by Federal or State law to be given by an escrow holder. You have no responsibility or concerned with the effect of zoning ordinances, land division regulations, homeowner associations or building restrictions, covenants, conditions, or restrictions (CCRs) which may pertain to or affect the land or improvements that are the subject of this escrow. The parties must satisfy themselves outside of escrow that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any other law regulating land sub-division, CCR or homeowners association rule; and you as Escrow Holder have no responsibility or liability in

(CONTINUED)

Seller's Initials: ___/_____          Buyer's Initials: _____/_____

connection therewith, and are not to be concerned with the enforcement of said law. The parties' signatures on this instruction shall be deemed evidence that they are each aware of any such requirements.

**21. Property Condition:** Escrow Holder makes no physical examination or inspection of any real or personal property described in these instructions or in any instrument or document deposited herewith. Escrow Holder accepts no agency or duty, and none maybe implied in any manner under California Civil Code §1102.11, any other statute or authority, or written agreement for making or giving any disclosures under the Transfer of Residential Property. The parties hereby, expressly acknowledge that Escrow Holder has no duty or liability whatsoever for the physical condition or habitability of any property the subject of this escrow.

**22. Disbursements:** All disbursements shall be made by check of your company on said account; and checks not presented for payment within six months after date are subject to service charges in accordance with Escrow Holder's schedule in effect. All documents and funds due to respective parties herein shall be by United States mail to their addresses provided to Escrow Holder, unless otherwise instructed. The parties acknowledge that Escrow holder has no control or liability regarding a bank's timely processing or receipt of any disbursement made by check or wire transfer pursuant to a party's instruction. It shall be the party's duty to provide correct wire instructions to Escrow holder, who shall not be obligated to confirm accuracy of beneficiary. The Escrow holder is not responsible or liable for any act by a third-party, or any injury caused by delays or rejection of wire transfers due to the routing or account numbers, or for any loss due to an incorrect payee on any account that Escrow holder is directed to wire funds into.

**23. Assignment of Proceeds:** If the parties to this escrow unilaterally assign or order the proceeds of this escrow to be paid to other than the original parties to this escrow, such assignment or order is subordinated to the expenses of this escrow, liens of record on the subject property, and payments directed to be made by original parties together. If the result of such assignment or order would be to leave the escrow without sufficient funds to close, then you are directed to close nevertheless, and pay such assignments or orders out of the net proceeds due except for such assignments or orders, and to pay them in the order in which such assignment or orders are received by you. If any assignment or transfer of interest is by operation of law, with or without the approval or consent of any or all of the parties hereto, you shall retain the right to deduct any and all escrow costs, fees and expenses provided for herein or under your current fee schedule from said assigned or transferred funds, properties or rights.

**24. Dishonored Checks:** If any check submitted to Escrow is dishonored upon presentment for payment, Escrow Holder is authorized to notify all parties, their respective holders or any other person or entity Escrow Holder deem in its sole discretion necessary to notify of such nonpayment. The parties shall reimburse Escrow Holder for any costs or expenses in connection therewith. THE SELLER'S EXCLUSIVE LEGAL OR EQUITABLE REMEDY FOR ANY INJURY FROM THE DISHONORING OF ANY CHECK OR FUNDS FROM BUYER SHALL LIE ONLY AGAINST BUYER AND NOT ESCROW HOLDER.

**25. Reimbursement of Funds:** If Escrow Holder disburses more funds to or for the benefit of any party than they are entitled to receive, or the escrow has a shortage to or for the benefit of any party, that benefitting party agrees to repay Escrow Holder the amount of the overpayment or shortage within five days of its demand, after which interest shall accrue at the rate of ten percent (10%) per annum. In the event of any failure to pay fees, costs or expenses due hereunder, on Escrow Holder's demand the parties agree to pay a reasonable fee for any attorney services which may be required to collect such fees, costs, or expenses, in addition to any other fees and costs as the court may otherwise determine.

**26. Document Retention:** The parties acknowledge, consent and expressly authorize the Escrow Holder to convert, store, or otherwise maintain any original documents (including executed purchase agreements) or copy thereof submitted or otherwise provided to Escrow Holder in an electronic format or medium for all purposes. Upon Escrow Holder's transfer of any document into an electronic format, it is expressly authorized without any liability to destroy the original paper documents submitted or otherwise provide to Escrow Holder. The parties to these Escrow Instructions authorize Escrow Holder to destroy these instructions and all other instructions, documents and electronic records of this escrow at any time after five (5) years from the close of escrow, cancellation, or date of the last activity without liability and without further notice to the parties.

**27. Choice of Law and Limitations:** These instructions are to be construed and interpreted according to California Law. NO ACTION SHALL LIE AGAINST ESCROW HOLDER FOR ANY CLAIM, LOSS, LIABILITY OR ALLEGED CAUSE OF ACTION OF ANY KIND OR NATURE WHATSOEVER, HOWEVER CAUSED OR OCCURRED, UNDER THIS ESCROW OR IN CONNECTION WITH THE HANDLING OR PROCESSING OF THIS ESCROW, UNLESS BROUGHT WITHIN TWELVE (12) MONTHS AFTER THE CLOSE OF ESCROW OR ANY CANCELLATION OR TERMINATION OF ESCROW FOR ANY REASON WHATSOEVER.

**28. No Legal, Financial or Tax Advice:** THE PARTIES ACKNOWLEDGE AND UNDERSTAND THAT ESCROW HOLDER IS NOT AUTHORIZED TO PRACTICE LAW NOR DOES IT GIVE FINANCIAL ADVICE. THE PARTIES ARE ADVISED TO SEEK LEGAL AND FINANCIAL COUNSEL AND ADVICE CONCERNING THE EFFECT OF THE PURCHASE AGREEMENT, THESE ESCROW INSTRUCTIONS AND GENERAL PROVISIONS, ANY LOAN DOCUMENTS OR OTHER FINANCIAL/TAX DOCUMENTS OR CONSEQUENCES. THE PARTIES ACKNOWLEDGE THAT NO REPRESENTATIONS ARE MADE BY ESCROW HOLDER AND NO RELIANCE PLACED ON THE LEGAL SUFFICIENCY, LEGAL CONSEQUENCES, FINANCIAL EFFECTS OR TAX CONSEQUENCES OF ANYTHING WITHIN THIS ESCROW TRANSACTION.

**29. Witness Fees:** If any officer, holder, employee, or representative of Escrow Holder is required to respond to any subpoena or other order to personally appear in an action or proceeding in which Escrow Holder's breach or fault is not in issue, the party requiring such appearance agrees to indemnify and hold you harmless from and against all costs, expenses and reasonable attorney's fees expended or incurred by you in connection with such appearance. The party requiring such appearance shall pay to Escrow Holder and its officer, holder, employee, or representative, in addition to the amounts from time to time provided for by law, the sum of $400.00 as an additional witness fee for each day or part thereof that an officer, holder, employee or representative of Escrow Holder is required to attend. As a condition precedent to any obligation to appear under such subpoena or order, the party requesting such appearance must concurrently with the service of the subpoena or order pay the additional witness fee that is agreed to herein for each day's actual attendance, even if no testimony is given.

**30. Legal Fees:** IN THE EVENT ANY PARTY TO THIS ESCROW, INCLUDING YOU AS ESCROW HOLDER, INSTITUTES OR DEFENDS ANY ARBITRATION OR LITIGATION AT LAW, INCLUDING CONTRACT OR TORT OR ACTIONS IN EQUITY ARISING OUT OF THIS ESCROW, THE PREVAILING PARTY SHALL, IN ADDITION TO SUCH OTHER RELIEF AS MAY BE AWARDED, BE ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES, COSTS, CHARGES AND EXPENSES OF SUCH LITIGATION, EXCEPT AS PROVIDED IN PARAGRAPH 31.

**31. Dispute Resolution– Mediation:** Notwithstanding any other mediation provisions, Buyer, Seller and Broker(s) also agree to mediate any dispute or claim arising out of this Agreement between themselves and Escrow Holder, before resorting to court action. Escrow Holder, who, in writing, also agrees to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Escrow Holder. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are:

EXCLUSIONS: The following matters are excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an interpleader action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action or for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver nor violation of the mediation provisions.

**32. Fees and Expenses:** Fees and charges agreed upon for your services shall be considered compensation for ordinary services as contemplated by these instructions. If the conditions of this escrow are not promptly fulfilled by the parties, or if you render any service not provided in these instructions, or if the parties request a substantial modification of its terms; or if any controversy arises, or if you are made a party to, or intervene in or are required to participate in any mediation, arbitration or litigation, including an interpleader action, pertaining to this escrow or its subject matter, prior to, during, or after the close of escrow, you shall be reasonably compensated for such extraordinary services and reimbursed for all costs and expenses incurred by you, including any legal fees or costs incurred whether litigation is filed or not, and costs and expenses occasioned by the default, delay, controversy, mediation, arbitration or litigation.

**33. Conflicting Demands/Instructions & Interpleader Actions:** If conflicting demands are made upon you or notice given of any controversy or legal action between the parties or third person(s) in connection with this escrow, you shall not be required to determine or resolve conflicting demands or

(CONTINUED)

Seller's Initials: _____/_____                          Buyer's Initials: _____/_____

ESCROW OFFICER: Yaneth Lopez and Monet Sarreal
ESCROW INSTRUCTIONS: SALE

ESCROW #45128-40
DATE: October 26, 2022
PAGE: 7 OF 7

claims or take any action, but shall have the absolute right to stop and withhold all further proceedings in the performance of this escrow without liability, until any such conflicting demands or claims have been determined, resolved, or eliminated by mutual written agreement of the parties, a valid amendment or supplement to your escrow instructions, or a final order or judgment of a court of competent jurisdiction in form satisfactory to you is deposited into escrow. You may also, at your sole discretion, file an action in interpleader or declaratory relief, and are instructed and authorized to deposit any documents or funds which are the subject of conflicting demands or claims with the court pursuant to any such action, less your escrow fees, costs, and attorneys fees incurred to date.

34. **Resignation:** At any time prior to the close of escrow, Escrow Holder may, at its sole option, and without liability to the principals, give written notice to the parties and resign from the escrow, as Escrow Holder. Escrow Holder shall be entitled to be reasonably compensated for the escrow service performed and reimbursed all costs and expenses incurred up to resignation. The balance of any funds, property or documents shall be returned to the parties who deposited same or forwarded to a new escrow holder as mutually designated in writing by the parties.

35. **Miscellaneous Conditions:**

A. You are authorized to use any standardized, preprinted form in order to comply with these instructions. Escrow Holder is authorized to use its own forms or any usual forms of any Title Insurance Company or Title Company and may insert dates and terms on the instruments, if incomplete when executed by a party.

B. Escrow Holder is authorized in its sole discretion to rely and act upon facsimile instructions, e-mail or electronic instructions including but not limited to escrow instructions, amendments or modifications, demands, lender instructions, pay-off instructions and bills from the Principals or third parties, as though they are original instructions signed by the Principals or third parties. In doing so, Escrow Holder is released of liability, responsibility and indemnified for any loss resulting from such reliance.

C. This escrow will be processed in the English language. Should any Principal elect to use a language translator to assist them in understanding the escrow process, or any documentation that is part of this escrow, that language translator will be selected and provided by the Principal in need of such assistance. The Escrow Holder will not provide any language translation services. In the event any language translation is provided by Escrow Holder it is rudimentary, solely as a courtesy and may not be relied upon. Escrow Holder will not be liable or responsible for the correctness of any language translator's interpretation of the escrow process or of any other documentation that is a part of this Escrow.

D. In the event any instruction or term in these Escrow Instructions is held invalid by judicial proceeding, the remaining shall continue to be operative and enforceable.]

36. I/We agree to pay FUNDS REQUIRED TO CLOSE ESCROW UPON DEMAND. .

37. **Cancellation:** The parties, jointly and severally, agree that if escrow cancels, is terminated or otherwise not closed, the parties shall pay you any costs and expenses which you have incurred or have become obligated for in processing this transaction including, but not limited to, courier fees, filing fees, attorneys' fees and costs, third-party vendor fees for services performed for this escrow, and an escrow cancellation fee for services rendered in an amount of $500.00 or up to the full amount of the escrow fee depending on the status of the escrow at "cancellation." The parties agree that such costs, expenses and fees shall be paid from funds already on deposit or deposited in escrow before any cancellation or other termination of this escrow is effective. The parties agree that said charges for expenses, costs and fees may be apportioned between Buyer and Seller in a manner which, in Escrow Holder's sole discretion, it considers equitable and Escrow Holder's decision will be binding and conclusive upon the parties. Except as provided in the Purchase Agreement, upon receipt of mutual cancellation instructions, a final order or judgment of a court of competent jurisdiction with accompanying writs of execution, levies or garnishments in form satisfactory to Escrow Holder, you are instructed to disburse the escrow funds and instruments in accordance with such cancellation instruction, order, judgment or accompanying writ; and the subject escrow shall, without further notice be considered terminated and cancelled. IN THE EVENT ANY PARTY REQUESTS CANCELLATION OF THIS ESCROW AT ANY TIME ALL SUCH PARTIES ARE AWARE THAT THIS ESCROW WILL NOT BE CONSIDERED CANCELLED AND NO FUNDS WILL BE DISBURSED UNTIL ESCROW HOLDER HAS RECEIVED SIGNED CANCELLATION INSTRUCTIONS OR COURT ORDER IN FORM SATISFACTORY TO ESCROW.

38. **No Activity Cancellation:** The principals to the transaction agree that if no additional instructions are received from one or both of the principals in this transaction within 120 days from the date escrow is to close, or any written extension thereof, the escrow holder may consider the escrow cancelled and is authorized to take a cancellation fee in the amount of $500.00 a reasonable fee based on escrow holders determination of services performed. Any remaining deposits, documents or other items held by escrow holder may be disbursed to the depositors or parties specified in the instructions. Nothing herein restricts the ability of the escrow holder to file an interpleader action in the event of a dispute over the proper distribution of funds deposited with escrow.

Seller(s) Initials _____/_____                    Buyer(s) Initials _____/_____

39. **Hold Open Fee:** Unless otherwise instructed in writing and in addition to other fees and costs Escrow Holder may receive, if this escrow does not close or cancel for any reason, 60 days after the original designated closing date, Escrow Holder is authorized and hereby instructed to withdraw from any funds on deposit in escrow, each month and pay to itself a holding fee of $50.00 for each calendar month or fraction thereof, that undistributed funds or documents are retained in escrow. Further, Escrow Holder is irrevocably instructed that this escrow transaction will automatically cancel when all funds on deposit are disbursed.

Seller(s) Initials _____/_____                    Buyer(s) Initials _____/_____

**The purpose of this disclosure is to give the parties involved in the escrow transaction notice that North Hills Escrow has a business relationship with Coldwell Banker Hallmark Realty.**

THE UNDERSIGNED HEREBY ACKNOWLEDGE THEY HAVE RECEIVED AND READ THESE 5 PAGES OF ADDITIONAL ESCROW INSTRUCTIONS AND GENERAL PROVISIONS AND APPROVE, ACCEPT AND AGREE TO BE BOUND HEREBY.

**"NORTH HILLS ESCROW CORPORATION IS LICENSED BY THE CALIFORNIA DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION, LICENSE #963 0979."**

*BUYER'S SIGNATURE(S):*

LIBERTY COMMUNITY LAND TRUST

By: _____
    DAMIEN GOODMON

*SELLER'S SIGNATURE(S):*

_____
FIDEL N. CALDERON

_____
MARCO CALDERON

# EXHIBIT "C"



**North Hills Escrow Corp.**

4005 Pennsylvania Avenue
La Crescenta, CA 91214

Phone: (818) 956-9000
Fax: (818) 956-9001

### SELLER'S ESTIMATED SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **PROPERTY:** | 4620 2ND AVENUE<br>LOS ANGELES, CA 90043 | **DATE:** | November 7, 2022 |
| **SELLER:** | FIDEL N. CALDERON and MARCO<br>CALDERON | **CLOSING DATE:**<br>**ESCROW NO.:** | 45128-40 |

| | **DEBITS** | **CREDITS** |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| Total Consideration | | 660,000.00 |
| | | |
| **PAYOFF CHARGES - ESTIMATE** | | |
| **[Total Payoff $326,326.40]** | | |
| Principal Balance **\*\*ESTIMATE** | 326,326.40 | \*\*ESTIMATE |
| | | |
| **PRORATIONS/ADJUSTMENTS** | | |
| County Taxes at $1,187.99/semi-annually from 11/21/2022 to<br>01/01/2023 | | 264.00 |
| | | |
| **COMMISSION CHARGES** | | |
| COLDWELL BANKER HALLMARK REALTY | 19,800.00 | |
| COMPASS | 19,800.00 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| MYNHD,INC. for Natural Hazard Report 54771-138 | 94.95 | |
| for Residential Report | 72.76 | |
| for Cert of Compliance | 15.00 | |
| for Archive Fee | 30.00 | |
| for TC Fee | 595.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - LAWYERS TITLE**<br>**COMPANY** | | |
| Title - Owner's Title Insurance | 2,085.00 | |
| Title - Messenger Fee | 50.00 | |
| Title - Recording Service Fee | 15.00 | |
| Title - Sub Escrow Fee | 65.00 | |
| Title - Wire Fee | 35.00 | |
| Miscellaneous Recording Fees | 100.00 | |
| Transfer Tax - County to Los Angeles County | 726.00 | |
| Transfer Tax - City to City of Los Angeles | 2,970.00 | |
| 2022-23 1st Half Taxes to Los Angeles County Tax Collector | 1,187.97 | |
| | | |
| **ESCROW CHARGES - North Hills Escrow Corporation** | | |
| Title - Escrow Fee | 1,900.00 | |
| Title - Bene / Demands | 150.00 | |
| Title - Processing Fee | 175.00 | |
| | | |
| **Net Proceeds** | 284,070.92 | |
| | | |
| **TOTAL** | $  660,264.00 | $   660,264.00 |

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

_____
FIDEL N. CALDERON

_____
MARCO CALDERON

# EXHIBIT "D"

Fill in this information to identify your case:

Debtor 1    **Marco Antonio Calderon**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number   **2:18-bk-15062-SK**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter
13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

| | | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 1. | Fill in your employment information. | | | |
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ■ Employed ☐ Not employed | ☐ Employed ☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | **Occupation** | Driver (Uber) | |
| | | **Employer's name** | | |
| | Occupation may include student or homemaker, if it applies. | **Employer's address** | | |
| | | **How long employed there?** | | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $   0.00 | $ | N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$   0.00 | +$ | N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $   0.00 | $ | N/A |

Debtor 1   **Marco Antonio Calderon**                                        Case number (*if known*)   **2:18-bk-15062-SK**

|  |  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
|  | Copy line 4 here | 4. | | $ 0.00 | $ N/A |
| **5.** | **List all payroll deductions:** | | | | |
|  | 5a. Tax, Medicare, and Social Security deductions | 5a. | | $ 0.00 | $ N/A |
|  | 5b. Mandatory contributions for retirement plans | 5b. | | $ 0.00 | $ N/A |
|  | 5c. Voluntary contributions for retirement plans | 5c. | | $ 0.00 | $ N/A |
|  | 5d. Required repayments of retirement fund loans | 5d. | | $ 0.00 | $ N/A |
|  | 5e. Insurance | 5e. | | $ 0.00 | $ N/A |
|  | 5f. Domestic support obligations | 5f. | | $ 0.00 | $ N/A |
|  | 5g. Union dues | 5g. | | $ 0.00 | $ N/A |
|  | 5h. Other deductions. Specify: _____ | 5h.+ | | $ 0.00 + | $ N/A |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | | $ 0.00 | $ N/A |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | | $ 0.00 | $ N/A |
| **8.** | **List all other income regularly received:** | | | | |
|  | 8a. Net income from rental property and from operating a business, profession, or farm<br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $ 0.00 | $ N/A |
|  | 8b. Interest and dividends | 8b. | | $ 0.00 | $ N/A |
|  | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive<br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $ 0.00 | $ N/A |
|  | 8d. Unemployment compensation | 8d. | | $ 0.00 | $ N/A |
|  | 8e. Social Security | 8e. | | $ 0.00 | $ N/A |
|  | 8f. Other government assistance that you regularly receive<br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | | $ 0.00 | $ N/A |
|  | 8g. Pension or retirement income | 8g. | | $ 0.00 | $ N/A |
|  | 8h. Other monthly income. Specify: **6 mon Average Net Income (Uber)** | 8h.+ | | $ 2,842.66 + | $ N/A |
|  | **Financial Assistance by Father** | | | $ 800.00 | $ N/A |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | | $ 3,642.66 | $ N/A |
| **10.** | **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | | $ 3,642.66 + | $ N/A = $ 3,642.66 |

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and
other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____                                       11.   +$        0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related Data, if it
applies                                                                                           12.   $     3,642.66

                                                       **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☐ No.
■ Yes. Explain:  **Debtor is working to increase his income in the future to allow for the propsed step up in his plan payment.**

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Marco Antonio Calderon** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **2:18-bk-15062-SK** |

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

**1.    Is this a joint case?**

■ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?** . . . . . . .
    ☐ No
    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

**2.    Do you have dependents?**    ■ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents names.

☐ Yes. Fill out this information for each dependent.............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

**3.    Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

**4.    The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4. $ _____ 1,554.28

If not included in line 4:

| | | | |
|---|---|---|---|
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

| Debtor 1 | **Marco Antonio Calderon** | | Case number (if known) | **2:18-bk-15062-SK** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---:|
| **6.** | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 80.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 30.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 210.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| **7.** | **Food and housekeeping supplies** | | 7. $ | 300.00 |
| **8.** | **Childcare and children's education costs** | | 8. $ | 0.00 |
| **9.** | **Clothing, laundry, and dry cleaning** | | 9. $ | 50.00 |
| **10.** | **Personal care products and services** | | 10. $ | 20.00 |
| **11.** | **Medical and dental expenses** | | 11. $ | 0.00 |
| **12.** | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 130.00 |
| **13.** | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 80.00 |
| **14.** | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| **15.** | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 109.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| **16.** | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| **17.** | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| **18.** | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | | 18. $ | 0.00 |
| **19.** | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| **20.** | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| **21.** | **Other: Specify:** | | 21. +$ | 0.00 |

| | | | |
|---|---|---|---:|
| **22.** | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 2,563.28 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | 2,563.28 |
| **23.** | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 (your combined monthly income) from Schedule I. | 23a. $ | 3,642.66 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 2,563.28 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your monthly net income. | 23c. $ | 1,079.38 |

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.  | Explain here: |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10866 Wilshire Blvd Suite 890, Los Angeles, CA 90024

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION AND MOTION FOR ORDER AUTHORIZING DEBTOR TO INCUR DEBT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 10/13/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kathy A Dockery (TR)**   EFiling@LATrustee.com
- **Erica T Loftis Pacheco**   bknotifications@ghidottiberger.com
- **Devin Sawdayi**   devinslaw@gmail.com, yuzumi.bk@gmail.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Kathy Watson**   BKNotices@snservicing.com, BKNotices@snservicing.com

**2.  SERVED BY UNITED STATES MAIL**:
On 11/08/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached list

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/08/2022 | Yuzumi Isaki | /s/Yuzumi Isaki |
|------------|--------------|-----------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-2
Case 2:20-bk-20098-SK
Central District of California
Los Angeles
Tue Nov  8 12:53:24 PST 2022

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Affinia Default Service
301 East Ocean Blvd, #1720
Long Beach, CA 90802-8813

Bank Of America
Attn: Bankruptcy
Po Box 982238
El Paso, TX 79998-2238

Bank of America, N.A.
P O Box 982284
El Paso, TX 79998-2284

Barclays Bank Delaware
Attn: Correspondence
Po Box 8801
Wilmington, DE 19899-8801

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz & Schneid, P.L.
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

Mr. Cooper
Attn: Bankruptcy
8950 Cypress Waters Blvd
Coppell, TX 75019-4620

Santander Consumer USA
Po Box 961245
Ft Worth, TX 76161-0244

Santander Consumer USA, Inc.
P.O. Box 560284
Dallas, TX 75356-0284

U.S. Bank Trust, N.A., as Trustee
of the Cabana Series IV Trust
c/o BSI Financial Services
1425 Greenway Drive, Suite 400
Irving, TX 75038-2480

US Bank Trust NA
SN Servicing Corporation
323 5th Street
Eureka, CA 95501-0305

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

(p)WELLS FARGO BANK NA
1 HOME CAMPUS
MAC X2303-01A
DES MOINES IA 50328-0001

Devin Sawdayi
10866 Wilshire Blvd, Suite 890
Los Angeles, CA 90024-4350

Kathy A Dockery (TR)
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017-5569

Marco Antonio Calderon
4620 2nd Ave
Los Angeles, CA 90043-1455

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


CHASE
800 Brooksedge Blvd
Westerville, OH 43081

Wells Fargo Bank
Attn: Bankruptcy Dept
Po Box 6429
Greenville, SC 29606


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

(u)U.S. Bank Trust National Association as Tr

(u)US BANK NA